UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 05-CV-3728 (JFB) (JO)
_____


CAROL A. TRICOLES,
INDIVIDUALLY, AND AS PARENT AND LEGAL GUARDIAN OF STEVEN TRICOLES, A MINOR CHILD,

Plaintiff,


VERSUS


LINDA BUMPUS,
ASSISTANT FACILITY DIRECTOR OF THE TRYON RESIDENTIAL CENTER;
JOHN A. JOHNSON,
COMMISSIONER OF THE NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;
JOHN DOE 1,
AS A FICTITIOUS NAME AND THE REAL IDENTITY OF THIS INDIVIDUAL WHO, UPON INFORMATION AND BELIEF, IS THE DULY APPOINTED FACILITY DIRECTOR OF THE TRYON RESIDENTIAL CENTER, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;
JOHN DOE 2,
AS FICTITIOUS NAMES AND THE REAL IDENTITY OF THIS INDIVIDUAL WHO, UPON INFORMATION AND BELIEF, IS AN OFFICER AND/OR EMPLOYEE OF THE NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES EMPLOYED AT THE TRYON RESIDENTIAL CENTER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES;
JOHN DOE 3,
AS FICTITIOUS NAMES AND THE REAL IDENTITY OF THIS INDIVIDUAL WHO, UPON INFORMATION AND BELIEF, IS THE SUPERVISOR OF JOHN DOE 2, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES;
JANE DOE 1,
AS FICTITIOUS NAME AND THE REAL IDENTITY OF THIS INDIVIDUAL WHO, UPON INFORMATION AND BELIEF, IS A DENTAL ASSISTANT/NURSE EMPLOYED BY THE NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,

Defendants.

JOSEPH F. BIANCO, District Judge:

The plaintiff has filed suit under 42 U.S.C. § 1983 against a number of defendants, regarding injuries that were allegedly assumed by Steven Tricoles when he was assaulted at a New York state facility for juvenile offenders. Defendant John A. Johnson, the Commissioner of the New York State Office of Children and Family Services, moves to dismiss the complaint as to him for failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, this Court grants Commissioner Johnson's motion, and dismisses him as a party from the instant lawsuit.

I. BACKGROUND

According to the complaint, Steven Tricoles is a minor who was adjudicated a juvenile delinquent and placed in the custody of the New York State Office of Children and Family Services. (Compl. ¶ 8.) From November 7, 2003, through March 7, 2004, Tricoles was placed in the Tryon Residential Center, a minimum-security facility that is designed to treat, educate and rehabilitate juvenile offenders. (Compl. ¶¶ 9, 23-24.) The complaint alleges that staff employees, called Youth Division Aides, are tasked to "protect, supervise, and direct youth offenders at all times during all aspects of the facility's program and recreation." (Compl. ¶ 24.) A Youth Division Aide is assigned to each classroom to monitor the juveniles, and assist each teacher. (Compl. ¶ 26.)

Starting in February 20, 2004, Rondell Blackman, another juvenile at Tryon, began to tease and taunt Tricoles on a daily basis. (Compl. ¶¶ 27-28.) On March 5, 2004, Blackman attempted to physically assault Tricoles, but the teacher intervened. (Compl. ¶¶ 32-33.) After Blackman and Tricoles complied with the teacher's order to sit down, Blackman yelled "This ain't over." (Compl. ¶¶ 34-35.) During that time, a Youth Division Aide was in the classroom, approximately three feet from Tricoles. (Compl. ¶ 31.)[1] A couple of minutes later, the Youth Division Aide left the classroom. (Compl. ¶ 37.) In the Youth Division Aide's absence, Blackman left his seat and punched Tricoles. (Compl. ¶ 38.) Although Tricoles lost consciousness after the first punch, Blackman continued to punch him in the face and slam his head against the floor. (Compl. ¶¶ 40-41.) Another Youth Division Aide responded to the teacher's screams for help to stop the assault. (Compl. ¶¶ 43-44.)

Tricoles was taken to the emergency room on the same day, but did not receive treatment until March 7, 2004. (Compl. ¶¶ 46-47.) The complaint alleges that, as a result of his injuries, he could not close his mouth nor could he ingest food for three days. (Compl.

---

[1] This Youth Division Aide is a defendant in this lawsuit, named as "John Doe 2." (Compl. ¶ 18).

¶¶ 48-49.)

As a result of this incident, Carol, Steven Tricoles' mother, filed suit on behalf of herself and Steven under 42 U.S.C. § 1983 against a number of defendants, including Commissioner Johnson. The first cause of action under § 1983 merely states that the defendants violated unspecified constitutional rights of the defendant, which proximately resulted in his physical injuries. (Compl. ¶¶ 54-60.) The second cause of action specifically alleges a violation of the Eighth Amendment based on the defendants' failure to protect Tricoles from Blackman's unlawful actions, and the rendering of insufficient medical care. (Compl. ¶¶ 61-74.) This cause of action specifically alleges that the defendant failed to adequately train and supervise subordinates, and that their policies or customs were behind some of the constitutional violations. (Compl. ¶¶ 69-74.) The third cause of action alleges a violation of the plaintiff's Due Process rights under the Fourteenth Amendment based on the delay in providing medical treatment after the assault. (Compl. ¶¶ 75-79.) Finally, the plaintiff alleges *prima facie* tort, negligence and gross negligence claims under New York state law. (Compl. ¶¶ 80-88.)

II. DISCUSSION

Defendant Johnson moves to dismiss the complaint as against him for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(6). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). Dismissal is warranted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145 (2d Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The appropriate inquiry is "not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Twombly v. Bell Atlantic Corp.,* 425 F.3d 99, 106 (2d Cir. 2005). Although all reasonable inferences are drawn in favor of the plaintiff, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

The complaint in the instant case was filed against Commissioner Johnson in both his official and individual capacities. (Compl. ¶ 11). This Court proceeds to consider whether the complaint stated a claim as against Johnson in each capacity, in turn.

A. Official Capacity Claims

The plaintiff is plainly barred under the Eleventh Amendment from filing suit against Commissioner Johnson in his official capacity.[2] Official capacity suits are just another way of pleading a cause of action against the entity of which the officer is an agent. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.* (citing *Kentucky*

---

[2] The plaintiff did not contest the dismissal of the official capacity claims against Commissioner Johnson in her opposition papers to the Commissioner's motion to dismiss.

3

*v. Graham*, 473 U.S. 159, 166 (1985)). Consequently, in interpreting § 1983 to take into account state sovereign immunity provided by the Eleventh Amendment, the Supreme Court has plainly held that neither states nor its officers (when sued in their official capacities) are "persons" that are subject to suit under the statute. *See Hafer*, 502 U.S. at 26; *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir.1993) ("The immunity to which a state's official may be entitled in a § 1983 action depends initially on the capacity in which he is sued. To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."). Accordingly, the official capacity claims against Commissioner Johnson must be dismissed.

B. Individual Capacity Claims

Commissioner Johnson argues that the individual capacity claims alleged against him should also be dismissed because the complaint fails to allege sufficient personal involvement by him in the alleged constitutional violations. For the reasons stated below, this Court agrees.

In order to be held liable under § 1983, each defendant must have been personally involved in the alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal citation omitted); *see also Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987). "[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Finally, a supervisor may not be held liable under § 1983 under a *respondeat superior* theory. *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) ("A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort.").

The Second Circuit has held that the personal involvement of supervisory officials may be established by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited gross negligence or deliberate indifference to the rights of plaintiffs by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

The complaint contains only scattered and unspecific references to Commissioner Johnson. First, it should be noted that the factual background section of the complaint does not contain any reference to the Commissioner at all. (Compl. ¶¶ 23-53). The most specific references to the Commissioner are located within the alleged causes of action which group him along with a number of the other defendants, and broadly claim that plaintiff's injuries are the proximate cause of the provision of insufficient medical care, the

4

failure to supervise and train subordinates, and the defendants' policies and customs. (Compl. ¶¶ 65, 69-74, 85.)

As a threshold matter, the delays in the provision of medical care took place while the plaintiff was not in the custody of the New York State Office of Children and Family Services, but rather in the hands of the St. Mary's and Albany Medical Center.[3] There is no allegation that the Commissioner was personally involved in the treatment of Tricoles while in the emergency room, or otherwise in decisions regarding his care. Moreover, there is no allegation that the Commissioner was even aware that Tricoles was assaulted on March 5, 2004 or was in the emergency room. Thus, the complaint does not state a sufficient claim against Commissioner Johnson regarding the provision of medical care.

Next, although it is possible that a supervisor could be held liable for establishing a custom or policy, or failing to train and supervise subordinates in a way that led to constitutional violations that proximately caused injury, the instant complaint is too vague and conclusory to state a valid claim. *Elmaghraby v. Ashcroft*, 2005 WL 2375202, at *20 (E.D.N.Y. Sept. 27, 2005) ("Generally, the assertion that high-level executive branch members created an unconstitutional policy, without more, would be insufficient to state a claim."); *Vazquez v. Parks*, 2003 WL 1442087, at *9 (S.D.N.Y. Feb. 4, 2003) ("In order to survive a motion to dismiss, a plaintiff alleging a Section 1983 or a *Bivens* claim must set forth specific and detailed factual allegations of personal involvement as opposed to bald assertions and conclusory terms.") (internal citations and quotations omitted). Courts have dismissed § 1983 and *Bivens* claims where a complaint merely asserts bare conclusory statements that a defendant supervisor failed to supervise or train, or that the alleged constitutional violation occurred as a result of a custom or policy that was issued by the defendant supervisor.[4] This limitation is sensible–a rule that would allow plaintiffs to sufficiently state a claim against a department head merely by making a conclusory statement that the allegedly unconstitutional action perpetrated

---

[3] The fact that Tricoles was in the custody of St. Mary's and Alabany Medical Center is established by the plaintiff's Notice of Claim, which is attached as an exhibit to the complaint. For the purposes of a Fed.R.Civ.P. 12(b)(6) motion, a complaint is considered to include documents referred to therein. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir. 2002).

[4] *See Ying Jing Gan*, 996 F.2d at 536 (dismissing § 1983 claim against District Attorney, finding that insufficient personal involvement was alleged where the complaint only included the conclusory statement that "'[i]t is believed' that 'personnel in the District Attorney's Office' engaged in the alleged [unconstitutional] conduct 'pursuant to the practice, custom, policy and particular direction of [the District Attorney].'"); *see also Barbera v. Smith*, 836 F.2d 96, 99 (2d Cir. 1987) (finding a failure to state a *Bivens* claim where the complaint merely alleged in conclusory language that defendant failed to adequately train or supervise); *Vasquez v. Hasty*, 2005 WL 2271937, at *6 (E.D.N.Y. Aug. 30, 2005) ("[P]laintiff has made no allegations that [defendant] was personally involved in any alleged violation of his constitutional rights . . . He argues instead that [defendant] failed to properly supervise and train his subordinates. This sole allegation is insufficient to state a claim under *Bivens*."); *see also Smith v. Metro North Commuter R.R.*, 2000 WL 1449865, at *11 (E.D.N.Y. Sept. 29, 2000) (dismissing § 1983 claim against defendant where allegation regarding failure to train was conclusory and lacked factual foundation).

by subordinates was the result of a policy instituted by the department head would allow plaintiffs to engage in fishing expeditions into the affairs of high-level government officials every time a member of their department is accused of committing a violation under § 1983.[5] Here, the complaint does nothing more than allege that the Commissioner failed to supervise or train and/or established a custom or policy that resulted in the constitutional injury. These broad allegations, with no specific allegations of personal involvement by the Commissioner, are too vague and conclusory to state a claim.[6]

## III. CONCLUSION

In sum, this Court dismisses, with prejudice, the claims alleged against Commissioner Johnson in his official capacity, because state officers are not parties which may be sued under § 1983. Further, this court dismisses, without prejudice, the claims alleged against the Commissioner in his individual capacity, because the complaint insufficiently alleges personal involvement in the unconstitutional acts that his subordinates are accused of committing.[7]

The Clerk of the Court shall terminate Commissioner Johnson as a party from this

---

[5] *Cf. Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1355 (6th Cir. 1989) ("If a mere assertion that a former cabinet officer and two other officials acted to implement, approve, carry out, and otherwise facilitate alleged unlawful policies were sufficient to state a claim, any suit against a federal agency could be turned into a *Bivens* action by adding a claim for damages against the agency head and could needlessly subject him to the burdens of discovery and trial.").

[6] The Court is aware of the plaintiff's letter dated March 21, 2006 to Magistrate Judge James Orenstein which requests leave to amend their complaint. Relevant to Commissioner Johnson, the proposed amendment seeks to add four new paragraphs:

> 80. At all times relevant herein and in all their actions described herein, defendants acted with a deliberate indifference towards plaintiffs' constitutional rights.
>
> 81. At all times relevant herein, having more than one option available, Defendants' Bumpus, Capparello, Johnson, and John Doe 1, and Jane Doe 1 chose not to remedy or create a policy, procedure or custom in compliance with the Constitution and laws of the United States.
>
> 82. At all times relevant herein, defendant Johnson's constitutional violations include, but is not limited to, his failure to remedy a custom and policy fostering constitutional violations.
>
> 83. At all times relevant herein, defendant Johnson's constitutional violations include, but is not limited to, his failure in creating a custom or policy fostering constitutional violations.

To the extent plaintiff argues that the proposed amendments moot the pending motion to dismiss, the Court disagrees. These paragraphs do nothing more than restate the previously existing vague and conclusory allegations in different terms, and would not alter this Court's opinion that the individual claims against the Commissioner should be dismissed.

[7] Any amendment to the pleadings to add the Commissioner back to the complaint should comply with the dictates of this opinion, and occur by the May 31, 2006 deadline for adding parties and amending the complaint, set by Judge Orenstein's Order of February 23, 2006.

6

case.[8]

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 23, 2006
Brooklyn, NY

\* \* \*

The attorney for plaintiff is James E. Bahamonde, Esq., 2501 Jody Court, North Bellmore, New York, 11710. The attorneys for the defendants are Toni E. Logue, Esq., Assistant Attorney General, and Eliot Spitzer, Esq., Attorney General of the State of New York, 200 Old Country Road, Suite 460, Mineola, New York, 11501.

---

[8] This opinion does not address Commissioner Johnson's alternative argument that the claims against him in his individual capacity should be dismissed because they are barred by qualified immunity. Given that the fact that the complaint is not specific about the constitutional violations that Commissioner Johnson and his subordinates are accused of violating, and the fact that the complaint merely asserts broad, conclusory allegations regarding the personal involvement of Johnson, it is difficult to analyze what, if any, clearly established rights were violated. If the plaintiff is able to successfully re-plead their complaint in accordance with the dictates of this opinion, the Court will allow the defendant to renew his motion to dismiss as to whether such a claim could be stated despite a qualified immunity defense.